KEYES v. UNITED INDURATED FIBRE CO.

(Circuit Court, N. D. New York. July 1, 1897.)

No. 6,254.

1. PATENTS—INFRINGEMENT.

The use of a plain iron ring to prevent the ends of barrel bodies molded from paper pulp from shrinking or losing their proper shape while drying, is not an infringement of a patent for an article consisting of a ring having an inwardly-extending flange and a cross fastened down on the flange, its arms extending beyond the outer periphery of the ring.

2. SAME—END SUPPORTER FOR PULP BARRELS.

The Laraway patent, No. 339,064, for an improvement in mechanism for preventing a molded barrel body from shrinking in diameter at either end while being dried, if valid at all, must, in view of the prior state of the art, be restricted to the precise mechanism described.

Tracy C. Becker, for complainant.

Frederick P. Fish, W. K. Richardson, and John E. Pound, for defendant.

COXE, Circuit Judge. This action is based on letters patent No. 339,064, granted, March 30, 1886, to George W. Laraway for an improvement in mechanism for preventing a molded barrel body from shrinking in diameter at either end while being dried. The specification says:

"Barrel-bodies molded from paper pulp are now extensively made and used. In drying a body of such kind after its formation in a molding-machine it is important that each mouth or part that receives the barrel-head should retain its proper size and shape to fit such head, and this is the purpose of my invention or barrel-body-end supporter, which, on the barrel body being taken in a moist state from the molding-machine, is inserted in it (the said body) at its end and kept there until the body may have become dry. The said body in becoming desiccated shrinks in size; but by having in the mouth or opening at each end of it, one of the said supporters while the drying operation is taking place the mouth is preserved in its proper condition and size to receive a barrel-head."

The device shown in the drawings and described in the specification consists of a ring having an inwardly-extending flange and a cross fastened down on the flange, its arms extending a short distance beyond the outer periphery of the ring. The claim is as follows:

"As a new article of manufacture, for the purpose described, the pulp barrel end supporter substantially as represented, consisting of the cross and the flanged ring, substantially as set forth."

The defense of noninfringement only need be considered. If there be any invention in the complainant's patent, and this is exceedingly doubtful in view of the use of rings for similar purposes in this and in analogous arts, it is clear that it must be confined to the precise mechanism described and shown. The patent is not entitled to a broad construction. It is clear that when properly construed the claim is not infringed. The defendant uses a plain angle iron ring. It has no inwardly-extending flange and no strengthening or supporting cross. The bill is dismissed.